IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER JOHNSON §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§<br>NATHANIEL QUARTERMAN, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | NO. 3-07-CV-0788-M |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher Johnson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

A jury convicted petitioner of possession with intent to deliver cocaine and possession of a firearm by a felon. Punishment was assessed at 25 years confinement on the drug charge and 10 years confinement on the weapons charge. Both convictions were affirmed on direct appeal. *Johnson v. State*, Nos. 05-03-01190-CR & 05-03-01191-CR, 2005 WL 564752 (Tex. App.--Dallas, Mar. 11, 2005, no pet.). Petitioner also filed four applications for state post-conviction relief, two for each conviction. His first two writs were dismissed on jurisdictional grounds. *Ex parte Johnson*, Nos. 62,461-01 & 62,461-02 (Tex. Crim. App. Aug. 31, 2005). Two other writs were denied without written order. *Ex parte Johnson*, Nos. 62,461-03 & 62,461-04 (Tex. Crim. App. Nov. 29, 2006). Petitioner then filed this action in federal district court.

-1-

II.

In multiple grounds for relief, petitioner contends that: (1) his convictions were obtained by the use of evidence seized during an illegal search and an unlawful arrest; (2) the prosecutor made an improper jury argument; and (3) the state withheld evidence favorable to the defense.

By order dated May 4, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on May 18, 2007. The court now determines that this action should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for possession with intent to deliver cocaine and 10 years in prison for possession of a firearm by a felon. The court of appeals affirmed both convictions on March 11, 2005. Petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his convictions became final 30 days thereafter on April 11, 2005.[1] *See* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner also challenged his convictions on collateral review in state court. Two state writs were filed on May 20, 2005 and dismissed on August 31, 2005. Two other writs were filed on April 6, 2006 and denied on November 29, 2006. Petitioner filed the instant case in federal court on April 30, 2007.

The AEDPA statute of limitations started to run on April 11, 2005, when petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from May 20, 2005 to August 31, 2005, and from April 6, 2006 to November 29, 2006, a total of 340

---

[1] The 30th day after the court of appeals decision fell on Sunday, April 10, 2005. As a result, petitioner had until the following Monday, April 11, 2005, to file a petition for discretionary review. *See* TEX. R. APP. P. 4.1(a).

-3-

days, while properly filed applications for state post-conviction relief were pending.[2] Even allowing for this tolling period, petitioner still waited more than one year to file his federal writ.

In an attempt to salvage this case, petitioner argues that his claims are not time-barred because he filed multiple state writs since his appeal was affirmed and "everytime I filed something my time stops to get into federal court." (Pet. Reply at 1). To the extent petitioner argues that the AEDPA statute of limitations should be tolled during the pendency of a properly filed application for state post-conviction relief, he is correct. However, as previously noted, petitioner's claims are still untimely even with statutory tolling. Petitioner also asks the court to consider his claims on "equitable grounds." (*Id.* at 3). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Here, there is no evidence that petitioner was misled by the state or otherwise prevented from timely filing a federal writ. Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

[2] The court notes that petitioner's first two writs were dismissed for lack of jurisdiction. *Ex parte Johnson*, Nos. 62,461-01 & 62,461-02. Although a habeas petition filed in a state court that lacks jurisdiction does not toll the AEDPA statute of limitations, *see Larry v. Dretke*, 361 F.3d 890, 893-95 (5th Cir.), *cert. denied*, 125 S.Ct. 141 (2004), it appears that petitioner's writs may have been improperly dismissed on the ground that a direct appeal was pending. In fact, petitioner filed those writs on May 20, 2005--more than two months after his convictions were affirmed on direct appeal. In light of this evidence, the court will give petitioner the benefit of the doubt and treat all of his state writs as "properly filed" for purposes of the AEDPA limitations analysis.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 25, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE